# UNITED STATES DISTRICT COURT

for the
Central District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) ) | Case No. 8:21-MJ-00471 |
| United States Postal Service Priority Mail Express parcel bearing tracking number EJ485324442US | ) ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

*See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| *See Attachment B* | |

The application is based on these facts:

*See attached Affidavit*

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____

_____
*Judge's signature*

City and state: <u>Santa Ana, CA</u>               <u>Hon. Douglas F. McCormick, U.S. Magistrate Judge</u>
*Printed name and title*

AUSA: <u>Benjamin R. Barron (ext. 3536)</u>

## AFFIDAVIT

I, Anthony Semenza, being duly sworn, declare and state as follows:

## TRAINING AND EXPERIENCE

1.   I am a Task Force Officer ("TFO") with the United States Postal Inspection Service ("USPIS"), and have been so employed since April 2019.  I am currently assigned as a Task Force Officer to the office of the Los Angeles Division ("LAD"), Narcotics South Team ("NST").  As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.  Prior to being assigned as a TFO with the USPIS, I worked patrol as a full-time sworn law enforcement officer with the Chino Police Department ("CPD").  I have been a sworn law enforcement officer since December 2011.  I am a Police Officer within the meaning of Section 830.1 of the California Penal Code.

2.   I have received training and have experience investigating violations of state and federal narcotics and money laundering laws, including, but not limited to Title 21, United States Code, Sections 841, 846, 952, 959 and 963 and Title 18, United States Code, Section 1956(a).  I have been involved in various electronic surveillance methods including state and federal wiretap investigations, the debriefing of informants and witnesses, as well as others who have knowledge

of the manufacturing, distribution, transportation, storage, and importation of controlled substances and the laundering of drug proceeds.

3.   I have participated in many aspects of drug investigations, including investigations into the smuggling of illegal drugs, money laundering, and extortion related to drug trafficking.  I am familiar with narcotics traffickers' methods of operation, including the manufacturing, storage, transportation, and distribution of narcotics, the collection of money that represents the proceeds of narcotics trafficking, and money laundering.  I am also familiar with the manner in which narcotics traffickers transport and distribute narcotics in areas they control.  I am familiar with how drug traffickers utilize counter-surveillance techniques to avoid detection by law enforcement.  I also know that drug traffickers often communicate with their drug-trafficking associates through the use of cellular telephones.  I have become aware that more sophisticated drug trafficking networks now utilize the dark web, e-mail, Blackberry devices, Voice over Internet Protocol, video chat, internet messaging services, and social networking sites to communicate with one another.  During drug-related communications, traffickers often use coded or cryptic language to disguise the drug-related nature of their conversations.

## I.  **PURPOSE OF AFFIDAVIT**

4.   This affidavit is made in support of a search warrant for the SUBJECT PARCEL described below in paragraph 6 and Attachment A.  The items to be seized are described in Attachment B and constitute the fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility (including the mails) to Facilitate the Distribution of a Controlled Substance).  Attachments A and B are incorporated herein by reference.

5.   The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. **PARCEL TO BE SEARCHED**

6.   This affidavit is made in support of an application for a search warrant for the following United States Postal Service ("USPS") Priority Mail Express parcel (hereinafter referred to as the "SUBJECT PARCEL").  The SUBJECT PARCEL is currently secured at the Chino Police Station located at 5450 Guardian Way, Chino, CA 91710, and is described as follows:

a.    The SUBJECT PARCEL is United States Postal Service Priority Mail Express parcel bearing tracking number EJ485324442US.  The SUBJECT PARCEL is a white USPS Priority Mail Express box.  The SUBJECT PARCEL is addressed to "Marry Zataray, 11733 Cricket Dr., Bloomington, CA 92316".  The return address listed on the SUBJECT PARCEL is "Nbachi Ojiba, 3072 Niagara Ct. East, Cols, OH, 43227".  The SUBJECT PARCEL was postmarked on June 14, 2021, in the 43236 zip code.

### III.  <u>STATEMENT OF PROBABLE CAUSE</u>

**A.    Background**

7.    As described in detail below, the SUBJECT PARCEL is an inbound parcel to Bloomington, CA from Columbus, OH and was selected for investigation because it met certain criteria common to packages containing contraband.  The SUBJECT PARCEL is believed to contain controlled substances or the proceeds from the trafficking of controlled substances based on, among other things, a positive alert by a trained narcotics-detection canine.

8.    Based on my training and discussions with experienced Postal Inspectors, I know that Postal Inspectors have been conducting investigations of drug trafficking via USPS Express Mail and Priority Mail since the mid-1980s.  In particular, they began conducting organized interdictions of Express Mail and Priority Mail parcels suspected of containing controlled substances and proceeds from the sale of controlled substances in Los Angeles, California, in the early 1990s.  Along with conducting organized interdictions, Postal Inspectors also

regularly examine and investigate Express Mail and Priority Mail parcels throughout the year.  During the 1990s, Postal Inspectors observed that the trend was for drug traffickers to send controlled substances and proceeds from the sale of controlled substances using boxes, with the proceeds in the form of cash.  Although Postal Inspectors still see the use of boxes for controlled substances and cash, there has been a gradual change over the years toward the current trend of smaller boxes, flat cardboard envelopes, and tyvek envelopes, with proceeds from the sale of controlled substances converted to money orders.  By using money orders, drug traffickers are able to send large dollar amounts in compact form, using much smaller conveyances that lend a sense of legitimacy to the parcel.

9.    From my training, personal experience, and the collective experiences related to me by Postal Inspectors on my team who specialize in investigations relating to the mailing of controlled substances and drug proceeds, I am aware that the greater Los Angeles area is a major source area for controlled substances.  As such, controlled substances are frequently transported from the greater Los Angeles area via the United States Mail, and the proceeds from the sale of the controlled substances are frequently returned to the greater Los Angeles area via the United States Mail.  These proceeds are generally in large amounts of money over $1,000.

10.  I also know based on my training and experience that drug traffickers will often use one of two USPS services: Priority Mail Express Service, which is the overnight/next day

delivery mail service, and Priority Mail Service, which is the two-to-three day delivery mail service.  Drug traffickers use Priority Mail Express delivery services because of their speed, reliability, and the ability to track the package's progress to the intended delivery point.  Drug traffickers often use Priority Mail delivery services because they allow drug traffickers more time for travel between states if they are following their shipments to their destinations for distribution.  Like Priority Mail Express, Priority Mail also allows drug traffickers to track the package's progress to the intended delivery point.

11.  Based on information derived and built upon over many years, I, like other Postal Inspectors and Task Force Officers, initially look for certain characteristics when examining Priority Mail Express and Priority Mail for controlled substances or drug proceeds.  These characteristics include:

a.  The article is contained in a box, flat cardboard mailer, or Tyvek envelope;

b.  The article bears a handwritten label; and/or

c.  The handwritten label on the article does not contain a business account number.

12.  Parcels found to meet these characteristics are scrutinized by Postal Inspectors and Task Force Officers through further investigation, which may include return and addressee address verifications and trained narcotics-detecting canine examination.  Postal Inspectors and Task Force Officers will

also look for additional drug or drug proceed parcel
characteristics such as:

    a.   The seams of the article are all taped or glued
shut;

    b.   The article emits the odor of a cleaning agent,
adhesive, or spray foam, detectable by a human; and/or

    c.   Multiple articles are mailed by the same
individual, on the same day, from different locations.

    13.  Based on my training and experiences and information
learned during discussions with Postal Inspectors, I know that
drug traffickers often use fictitious or incomplete names and/or
addresses in an effort to conceal their identity from law
enforcement.  Indeed, it is my experience that when real
addresses are used, it is only to lend a legitimate appearance
to the parcel and is almost always paired with a false name.

    **B.   Investigation Regarding SUBJECT PARCEL**

    14.  On July 2, 2021, the SUBPECT PARCEL, with an origin of
the USPS City of Industry Processing and Distribution Center,
was identified by a USPS supervisor as being suspicious.  The
parcel was identified as meeting several of the criteria listed
in paragraph 11.  The USPS supervisor removed the SUBJECT PARCEL
from the mail stream and notified US Postal Inspector Jacob
Boyd.  Inspector Boyd responded to the location, took custody of
the SUBJECT PARCEL and transported it to me at the Chino Police
Station for further investigation.

    15.  When I took custody of the SUBJECT PARCEL, I saw it
was a flat rate USPS Priority Mail shipping box with the sender

and recipient names and addresses handwritten in ink.  The size
of the parcel and the handwritten information was consistent to
parcels used by narcotic distributers to send and receive
narcotics and narcotic related US currency.

16.  On July 2, 2021, Chino Police Department Officer Angel
Bran and his narcotics-detection canine, "Cyra", conducted an
exterior examination of the SUBJECT PARCEL.  Officer Bran
informed me that Cyra gave a positive alert to the SUBJECT
PARCEL, indicating the presence of controlled substances or
other items that emitted the odor of controlled substances, in
the SUBJECT PARCEL.  Attached hereto as Exhibit 1, which I
incorporate fully herein by reference, are documents setting
forth information provided by Officer Bran regarding Cyra's
training and history in detecting controlled substances, and
investigation of the SUBJECT PARCEL.

17.  On July 6, 2021, I conducted an ACCURINT database
check for the sender information listed on the SUBJECT PARCEL:
Nbachi Ojiba, 3072 Niagara Ct. East, Cols, OH, 43227.  The check
showed that Nbachi Ojiba is not associated with the listed
address.  An ACCURINT check of the receiver (Marry Zataray,
11733 Cricket Dr., Bloomington, CA 92316) was also conducted.
The check found Marry Zataray is not associated to the listed
address.  ACCURINT is a public information database used by law
enforcement that provides names, addresses, telephone numbers,
and other identifying information.

## IV. <u>CONCLUSION</u>

18.   Based on the above, I believe there is probable cause to believe that the SUBJECT PARCEL described in Attachment A contains evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility (including the mails) to Facilitate the Distribution of a Controlled Substance).

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this _____ day of
July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

<u>PARCEL TO BE SEARCHED</u>

The parcel to be searched (the "SUBJECT PARCEL") is a United States Postal Service Priority Mail Express parcel bearing tracking number EJ485324442US.  The SUBJECT PARCEL is a white USPS Priority Mail Express box.  The SUBJECT PARCEL is addressed to "Marry Zataray, 11733 Cricket Dr., Bloomington, CA 92316".  The return address listed on the SUBJECT PARCEL is "Nbachi Ojiba, 3072 Niagara Ct. East, Cols, OH, 43227".  The SUBJECT PARCEL was postmarked on June 14, 2021, in the 43236 zip code.

The SUBJECT PARCEL is currently secured at the Chino Police Station located at 5450 Guardian Way, Chino, CA 91710.

i

**ATTACHMENT B**

ITEMS TO BE SEIZED

The following are the items to be seized from the SUBJECT PARCELS, which constitute the fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Distribution and Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility (including the mails) to Facilitate the Distribution of a Controlled Substance):

a.   Any controlled substances, including marijuana;

b.   Currency, money orders, bank checks, or similar monetary instruments in aggregate quantities over $1,000; and

c.   Any associated packaging.

**EXHIBIT 1**

**AFFIDAVIT**

**HANDLER ANGEL BRAN AND K9 "CYRA"**

I, **Officer Angel Bran,** attended the Adlerhorst Police Dog Handler Course in June 2019 with Police Service Dog (PSD) Cyra. I received 240 hours of instruction in basic police dog handling skills. PSD Cyra and I were certified as a patrol team in August 2019. In August 2020, PSD Cyra and I attended the Adlerhorst Police Dog School Drug Detection Class. During this course, PSD Cyra and I receive 240 hours of instruction in the detection of the odor of illegal drugs. In September 2020, PSD Cyra and I passed a certification test in the detection of the odor of illegal drugs. During this course, I personally observed PSD Cyra alert to the presence of the odor of an illegal drug. I am familiar and knowledgeable in the behavior's PSD Cyra engages in when she detects the odor of illegal drugs.

I have been a Peace Officer since 2013 and have been present at hundreds of drug investigations since the start of my career. I have received formal training from the San Bernardino County Sheriff's Department, Chino Police Department and the California Narcotic Officers' Association on drug recognition and symptomology.

I do continual training with PSD Cyra through Adlerhorst International and out in the field during patrol or training sites hosted by different police departments. The training includes various hiding locations including, but not limited to: vehicles, buildings, bags, parcels and open areas. This training also includes proofing PSD Cyra on novel odors such as: plastic, boxes, latex, tape, metal, money (circulated and un-circulated) and food. I also proof PSD Cyra off my human odor. This training is on-going and continual.

On 7-2-21 @ 1904 , POSTAL INSPECTOR BOYD            asked the assistance of PSD Cyra and I in a narcotic parcel investigation. PSD Cyra alerted to the presence of the odor of an illegal drug emitting from the following:

**USPS parcel:** EJ 485 324 442 US

**Addressed to:** MARIA  ZATARAY
    11733 CRICKET DR
    Bloomington CA 92316

K9 Officer Angel Bran ID#3655
Chino Police Department

**EXHIBIT 1**